OBERLANDER, D. B. A. GARTH'S AUCTION, APPELLANT, *v.*
PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Oberlander v. Porterfield
(1971), 28 Ohio St. 2d 171.]

(No. 71-75—Decided December 22, 1971.)

*Mr. Clyde E. Lewis,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. David S. Bloomfield,* for appellee.

O'NEILL, C. J. Appellant, Garth Oberlander, doing business as Garth's Auction, is a licensed auctioneer who specializes in the sale of antiques. Except for merchandise which he owns, he does not take title to any property auctioned. Before each auction is conducted, appellant con-

tracts with the owners of property to auction it for a fee, and thereafter takes possession of it. The auctions are held periodically, with the time of the auction contingent upon the acquisition of a sufficiently large quantity of antiques. However, no auctions are held during the winter months and the early part of June, because appellant has determined by experience that those are not good months in which to do business. After a sufficient quantity of antiques is acquired, and appellant deems the time appropriate, he advertises the antiques in an illustrated catalog which is sent to approximately 2,500 prospective purchasers.

During the three-year audit period, appellant conducted approximately 15 to 20 auctions per year, receiving from $30,000 to $40,000 per auction. The record discloses that appellant collected and remitted sales tax on merchandise auctioned which was either owned by him or owned by a dealer holding a vendor's license. However, he did not collect a sales tax on any other property which was auctioned, including sales by an executor, private collection sales and court-ordered sales.

Because appellant did not collect the tax on these latter transactions he was personally assessed for the tax. R. C. 5739.13.

Appellant advances three contentions, each of which will be discussed separately.

Appellant contends, first, that all the antiques auctioned by him are tax-exempt casual sales.

Appellee contends that, under Rule TX-15-17, Rules of the Tax Commissioner,* appellant is required to collect sales tax on all sales at his auctions. Appellee is correct in this contention.

---

*TX-15-17, Rules of the Tax Commissioner.

"Where auction sales are conducted at regular or frequent intervals by the same person * * * at a place of business subject to * * * [his] control, the person * * * conducting such sales must * * * collect the tax regardless of whether the merchandise sold is owned by * * * [him] or by other individuals who have contracted to pay * * * for the services of the auctioneer in making the sale."

The sales tax does not apply to "casual sales by a person not engaged in the business of selling tangible personal property." R. C. 5739.02(B)(8). Conversely, if one is engaged in the business of selling tangible personal property, the sales tax is applicable. R. C. 5739.02.

A "casual sale" is defined as "a sale of an item of tangible personal property which was obtained by the person making the sale, through purchase or otherwise, *for his own use* in this state." (Emphasis added.) R. C. 5739.01-(M). The import of this definition is that the person selling the item did not obtain it for the purpose of resale. To qualify for the casual sale exemption the person making the sale must have acquired the tangible personal property *for his own use* in this state.

However, reference must be made to other sections of the Revised Code to determine who is the person making the sale.

"Sale" is defined as including "all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration." R. C. 5739.01(B).

"Vendor" is broadly defined as "the person *by whom* transfer *effected* or license given by a sale is or is to be made or given." R. C. 5739.01(C). (Emphasis added.)

A combined reading of those statutory definitions reveals that the person making the sale is the person who *effects* a transfer of title or possession, or both, of tangible personal property for a consideration Compare R. C. 1302.41(B). To be a vendor, within the meaning of R. C. 5739.01(C), it is not necessary that one actually transfer title to or possession of tangible personal property. The vendor is the person by whom the transfer is effected. Therefore, even though appellant took no title to the property auctioned, he is still a vendor within the meaning of R. C. 5739.01(C).

Since appellant did not acquire the property *for his own use* in this state, the sales are not "causal," and he cannot validly claim an exemption under R. C. 5739.02(B)(8).

Furthermore, appellant is engaged in the business of selling tangible personal property. As this court said in *State, ex rel. City Loan & Savings Co.,* v. *Zellner* (1938), 133 Ohio St. 263, 271, 13 N. E. 2d 235:

"Sales made in more or less continuous succession cannot be said to be casual or isolated. Occassional sales, made by one not engaged in the business of selling, may be casual * * * but if the characteristic of systematic recurrence and continuity in respect to such sales is developed, they cease to be occasional, casual or isolated."

This element of systematic recurrence is present when an auctioneer conducts 15 to 20 auctions per year at times deemed appropriate by him and makes substantial gross sales in connection therewith. Compare R. C. 5739.02(B)(9).

Appellant contends next that Rule TX-15-17 is discriminatory in that the merchandise which he auctions in his own building is made taxable, while the same merchandise, if sold on property not owned by him, is not made taxable.

Appellant's interpretation of the rule is erroneous. By statute, the vendor is made the collector of the tax. R. C. 5739.03. Under R. C. 5739.05 the Tax Commissioner is authorized to promulgate rules which he deems necessary to administer the sales tax Act. Rule TX-15-17 merely specifies who is to collect the tax when the auction is conducted on premises owned by the auctioneer. The rule does not make appellant's sales taxable.

The second paragraph of Rule TX-15-17 states that if the auction is conducted at the "owner's place of business * * * the owner is responsible for the collection of the tax." This paragraph applies only where the owner of the auctioned merchandise is engaged in the business of selling tangible personal property. All other auctions not covered by Rule TX-15-17 are governed by Rule TX-15-28, which generally provides that persons (auctioneers) engaged in the business of selling tangible personal property belonging to another are the vendors and shall be responsible for the collection of the tax. Both rules deter-

mine nothing more than who shall collect the tax, and are a valid exercise of the commissioner's power.

Appellant contends next that its sales of antiques to the Ford Foundation were exempt from the sales tax under R. C. 5739.02(B)(12).

The board found that no evidence was introduced to show that the Ford Foundation was a charitable organization within the meaning of R. C. 5739.02(B)(12). Since the appellant did not offer any evidence to show that the Ford Foundation was "operated exclusively for charitable purposes in this state," and there is no evidence in the record on that question, this court cannot speculate whether the exemption is applicable.

For the above reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

SCHNEIDER, HERBERT, WILEY, CORRIGAN, STEPHENSON and LEACH, JJ., concur.

WILEY, J., of the Sixth Appellate District, sitting for DUNCAN, J. JUDGE WILEY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE WILEY did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.