The CITY OF OKLAHOMA CITY, a Municipal Corporation, Appellant,

v.

The STATE of Oklahoma, Leo Winters, State Treasurer, Appellees.

No. 67843.

Supreme Court of Oklahoma.

March 27, 1990.

---

Robert D. Allen, Mun. Counselor, Diane Davis Huckins, Thomas S. Jones, Asst. Mun. Counselors, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellees.

KAUGER, Justice.

■■■ The issues presented are: 1) whether a municipality which contracts with the Oklahoma Tax Commission for the collection of municipal taxes under the authority of 68 O.S.Supp.1986 § 2702 [1] is entitled to interest earned by taxes deposited in the State Treasury; and 2) if the municipality is entitled to investment interest,

1. Title 68 O.S.Supp.1986 § 2702 provides:

"The governing body of any incorporated city or town and the Oklahoma Tax Commission

whether it may recover interest deposited to the state's general revenue fund.[2] In accordance with our pronouncement in *City of Oklahoma City v. Oklahoma Tax Comm'n,* 789 P.2d 1287 (Okla.1990), we find that: 1) the interest earned on municipal sales tax revenues is an accretion or increment to the principal tax. Pursuant to the Okla. Const. art. 10, § 19,[3] the total i.e., principal and interest, must be expended for the purpose levied; and 2) because the fund representing interest earned on the investment of the municipal sales taxes has been appropriated, it is not recoverable.[4]

 We do not agree with the Court of Appeals characterization of the Tax

are authorized and empowered to enter into contractual agreements whereby the Oklahoma Tax Commission shall have authority to assess, to collect and to enforce any taxes or, penalties or interest thereon, levied by such incorporated city or town, and remit the same to such municipality. Said assessment, collection, and enforcement authority shall apply to any taxes, penalty or interest liability existing at the time of contracting. Upon contracting, the Oklahoma Tax Commission shall have all the powers of enforcement in regard to such taxes, penalties and interest as are granted to or vested in the contracting municipality. Such agreement shall provide for assessment, collection, enforcement, and prosecution of such municipal tax, penalties and interest, in the same manner as and in accordance with the administration, collection, enforcement, and prosecution by the Oklahoma Tax Commission of any similar state tax. The municipality shall agree to refrain from any assessment, collection, or enforcement of the municipal tax except as specified in the agreement. Such agreement shall authorize the Oklahoma Tax Commission to retain an amount not to exceed one and three-fourths percent (1¾%) as a retention fee of municipal tax collected for services rendered in connection with such collections. All funds retained by the Oklahoma Tax Commission for the collection services to municipalities shall be deposited in the Oklahoma Tax Commission Revolving Fund in the State Treasury.

Provided that the Oklahoma Tax Commission and the governing body of any incorporated city or town may enter into contractual agreements whereby the municipality would be authorized to augment the enforcement, collection and prosecution of the municipal tax in those contracting municipalities. Such agreements shall provide that the municipality and the Oklahoma Tax Commission may exchange necessary information to effectively carry out the terms of such agreements. The municipality, its officers and employees shall preserve the confidentiality of such information in the same manner and be subject to the same penalties as provided by Section 205 of this title, provided that the municipal prosecutor and other municipal enforcement personnel may receive all information necessary to augment the enforcement and prosecution of municipal sales tax ordinances. Any sum or sums collected or required to be collected pursuant to a municipal sales tax levy shall be deemed to be held in trust for the municipality, and, as trustee, the collecting vendor shall have a fiduciary duty to the municipality in regards to such sums and shall be subject to the trust laws of this state. Any vendor who fails to remit the municipal sales tax after the tax has been collected from the consumer, and appropriates the tax held in trust to his own use, or to the use of any person not entitled thereto, without authority of law, shall be guilty of embezzlement."

This section was amended effective October 1, 1989, see note 8, infra.

2. The City of Oklahoma City did not respond to the Petition for Certiorari. However, in its response to the petition for rehearing before the Court of Appeals, the City, without conceding the legal issue, agreed to a settlement that would involve only funds held during fiscal year 1988–89.

3. The Okla. Const. art. 10, § 19 provides:
"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

4. On January 26, 1990, we ordered the parties to show cause why this case should not be dismissed as moot in light of the Legislature's enactment of H.B. 1330, see note 9, infra. The City responded that it had no objection to a dismissal of the cause if funds representing interest earned had been appropriated. The State Treasurer responded that all monies which might represent interest earned on the municipal sales taxes had been appropriated to the Constitutional Reserve Fund. Despite the fact that the money has been appropriated, the State Treasurer opposes dismissing the cause as moot. Our decision to release an opinion is based upon our concern with the Court of Appeals' characterization of the Tax Commission as a "vendor," and because failure to issue an opinion would leave the issue of the recovery of appropriated monies representing interest undecided.

Commission as a "vendor." This appellation is not supported by 68 O.S.Supp.1986 § 2702 which refers to a "collecting vendor" and a "vendor" who fails to remit taxes collected from the consumer. Such a vendor is subject to the charge of embezzlement. Because "vendor" is not defined within the statute, it is given its plain and ordinary meaning.[5] Vendor ordinarily means one who sells.[6] It is clear from the plain meaning of the word "vendor" in § 2702 that it refers to the merchant who collects the tax from the consumer. In some instances, when money enters the state treasury to be held or paid over according to law, it is held in trust. However, when the Legislature referred to a trustee in § 2702, the language used, "as trustee, the collecting vendor," is clear.

The vendor is deemed to be holding the taxes collected from the consumer in trust for the municipality.[7]

■ In the companion case, *City of Oklahoma City v. Oklahoma Tax Comm'n*, 789 P.2d 1287 (Okla.1990), also decided today, the Tax Commission asserted that such a holding would "strike at the heart of the State's fiscal integrity," and that if the City has a valid claim to interest as an accretion to principal, it is against the State Treasurer. This argument is unpersuasive. Our holding is precisely the position the Legislature recently embraced by amending 68 O.S.Supp.1986 § 2702,[8] and its enactment of a new law providing for the establishment of "sales tax remitting accounts."[9] The Legislature amended

5. *Matter of Income Tax Protest*, 751 P.2d 1070, 1073 (Okla.1988); *Hess v. Excise Bd.*, 698 P.2d 930, 932 (Okla.1985).

6. *State v. Bristow*, 131 Iowa 664, 109 N.W. 199, 200 (1906); *Lumbert v. Woodard*, 144 Ind. 335, 55 Am.St.Rep. 175, 43 N.E. 302, 304 (1896). See also, *Oberlander v. Porterfield*, 28 Ohio St.2d 171, 277 N.E.2d 198, 200 (1971); *Rockower Bros., Inc. v. Comptroller*, 240 Md. 379, 214 A.2d 581, 586 (1965).

7. See, *City of Bisbee v. Cochise County*, 44 Ariz. 233, 36 P.2d 559, 563 (1934).

8. Title 68 O.S.Supp.1986 § 2702 was amended effective November 1, 1989. While the contracting provisions of the statute remain identical to its predecessor, the amended version provides for a "sales tax remitting account." H.B. 1330 (May 8, 1989), amending 68 O.S.Supp.1983 § 1371, amending 68 O.S.Supp.1986 § 2702, and enacting 68 O.S.Supp.1989 § 1373, provides in pertinent part:

"... The Oklahoma Tax Commission shall place all sales taxes, including penalties and interest, collected on behalf of a municipality pursuant to the provisions of this section in the Sales Tax Remitting Account as provided in Section 3 of this act ..."

9. H.B. 1330 (May 8, 1989), amending 68 O.S. Supp.1983 § 1371, amending 68 O.S.Supp.1986 § 2702, and enacting 68 O.S.Supp.1989 § 1373, provides in pertinent part:

"... SECTION 3. NEW LAW A new section of law to be codified in the Oklahoma Statutes as Section 1373 of Title 68, unless there is created a duplication in numbering, reads as follows:

A. There is hereby created within the State Treasury an account to be designated the 'Sales Tax Remitting Account'.
B. The account shall consist of all sales tax revenue, penalties and interest, collected by the Oklahoma Tax Commission pursuant to the Oklahoma Sales Tax Code, Section 1350 et seq. of Title 68 of the Oklahoma Statutes, and all sales tax revenue, penalties and interest collected by the Oklahoma Tax Commission on behalf of counties or municipalities pursuant to a contractual agreement authorized by Section 1371 or Section 2702 of Title 68 of the Oklahoma Statutes.
C. The State Treasurer shall invest the monies desposited in the Sales Tax Remitting Account in investments as authorized by law for municipalities and counties and in a manner consistent with the requirements of law concerning remittance of sales tax revenue to municipalities and counties upon behalf of which the Oklahoma Tax Commission collects such taxes.
SECTION 4. NEW LAW A new section of law to be codified in Oklahoma Statutes as Section 1374 of Title 68, unless there is created a duplication in numbering, reads as follows:
A. Not later than the fifth day of each month, the State Treasurer shall determine and shall certify to the Oklahoma Tax Commission the aggregate amount of interest earned upon the total of all amounts deposited to the Sales Tax Remitting Account during the preceding month.
B. Not later than the fifteenth day of each month, the Oklahoma Tax Commission, acting (sic) on behalf of a municipality or county for collection of sales taxes, shall determine and then remit to each municipality or county:
1. The amount of sales tax revenue, penalties and interest collected on behalf of the munici-

§ 2702 effective November 1, 1989. The amended statute provides for all sales taxes, including penalties and interest, collected on behalf of a municipality to be deposited in a sales tax remitting account. House Bill 1330, codified as 68 O.S.Supp.1989 § 1373, provides for the creation of the sales tax remitting account. Section 4 of § 1373 now provides for the distribution of the proportionate amount of interest earned to municipalities on a monthly basis.

The result in this cause need not affect the State's fiscal integrity. Absent a contract executed in accordance with 68 O.S. Supp.1986 § 2702, the revenues from municipal taxes would never be deposited in the state treasury; and there would be no dispute over entitlement to the interest earned. It would belong to the municipality investing the tax. At the end of any contract term, Oklahoma City or any other municipality could elect not to contract for these services. The argument that the state's fiscal health depends upon an appropriation of the interest is unconvincing.

Adoption of this holding need not disrupt the state treasury's machinery. The machinery to set up an individual account for the deposit of municipal tax revenues existed before the Legislature's intervention. Title 62 O.S.Supp.1989 § 7.2 provides for a Special Agency Account Board with the authority to approve the establishment of agency special accounts in the official depository of the state treasury. Such an account could be utilized to segregate municipal tax monies entering the state system. Interest on these accounts could then be paid to the appropriate municipality as part of the monthly disbursal.[10]

pality or county for the preceding month; and
2. An amount equal to the municipality's or county's proportionate share of the total interest earned upon all amounts deposited to the Sales Tax Remitting Account for the month as determined by the Oklahoma Tax Commission as provided in subsections C and D of this section ..."

10. Title 62 O.S.Supp.1989 § 7.2 provides in pertinent part:

■ All monies representing interest earned from the investment of municipal sales taxes have been appropriated. There is no fund from which the interest earned can be recovered. Therefore, although the cause is reversed, there is no remedial action which could be taken on remand.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; REVERSED.

HODGES, LAVENDER, DOOLIN and SUMMERS, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and SIMMS, J., dissent.

OPALA, Vice Chief Justice, dissenting.

The court reverses today the nisi prius dismissal of Oklahoma City's [City's] lawsuit for failure to state a breach-of-contract claim and vacates the Court of Appeals' opinion which

(a) holds the City was entitled to interest accrued to the State on sales tax revenue which the Oklahoma Tax Commission [Commission] collected for it and deposited with the State Treasurer [Treasurer] in a revolving fund account kept pursuant to the statutory regime then in force[1] and

(b) attributes "vendor" status to the Commission.

Today's pronouncement rests on a legal theory different from that applied by the Court of Appeals, but reaches the same result. Its ultimate conclusion is that *no recovery of interest earned on the City's share of the invested revolving account revenue is possible because all funds from which payment could have been made have now been exhausted.*

"A. There is hereby re-created ... a Special Agency Account Board ... The Board shall have the authority to approve the establishment of agency special accounts in the official depository of the State Treasury ...
C. The Board may approve agency special accounts for money received by state agencies for the following purposes:
8. Funds for which the state agency acts as custodian ..."

1. 68 O.S.Supp.1986 § 2702.

I cannot join the court's pronouncement for the reasons expressed in my dissent from the opinion in a related appeal, *The City of Oklahoma City v. The Oklahoma Tax Commission,* Okl., 789 P.2d 1287 [1990], decided this date. I would grant certiorari to dismiss this appeal as mooted by after-enacted amendatory legislation, 68 O.S.Supp.1989 §§ 1373 and 2702,[2] based on (a) the City's unqualified confession (on certiorari) that the legal issues pressed below in its declaratory judgment suit against the Treasurer and the Commission are no longer lively and (b) the Treasurer's report to this court that there are no funds in any account from which a recovered interest could be paid. I would direct the district court to order its record memorialized on remand to show that this controversy became moot while on certiorari to the Court of Appeals as a result of after-enacted legislation and unavailability of funds from which the liability in contest could be paid.

**2.** Okl.Sess.L.1989, Ch. 168, approved May 8, 1989, eff. Oct. 1, 1989 (68 O.S.Supp.1989 § 1373) and Nov. 1, 1989 (68 O.S.Supp.1989 § 2702).